U.S. DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.   2:18-cv-00615

DOWNTOWN VILLAGE
SQUARE II, LLC,

  Plaintiff,

vs.

SCOTTSDALE
INSURANCE COMPANY,

  Defendant.
_____/

**JOINT CASE MANAGEMENT REPORT**
*(Pursuant to Plaintiff and Defendant's Scheduling Conference
Held Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(b))*

Plaintiff, DOWNTOWN VILLAGE SQUARE II, LLC ("Plaintiff"), and Defendant, SCOTTSDALE INSURANCE COMPANY ("Defendant"), pursuant to Fed. R. Civ. P. 26(f) and M.D. Fla. R. 3.05(c) and this Court's "Related Case Order and Track Two Notice" (Doc. 5) (Sept. 14, 2018), submit this report of items discussed by the undersigned attorneys for Plaintiff and Defendant on October 2, 2018.  Plaintiff and Defendant report the following:

| **DEADLINE OR EVENT** | **AGREED DATE** |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1)** [Court recommends 30 days after CMR meeting] | November 5, 2018 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [each party who has not previously filed must file immediately] | September 28, 2018 |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1-2 months after CMR meeting] | December 3, 2018 |
| **Disclosure of Expert Reports by Plaintiff** [Court recommends last exchange 6 months before trial and 1-2 months before discovery deadline to allow expert depositions] | March 4, 2019 |

1

| | |
|---|---|
| **Disclosure of Expert Reports by Defendant** [Court recommends last exchange 6 months before trial and 1-2 months before discovery deadline to allow expert depositions] | April 8, 2019 |
| **Discovery Deadline** [Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | May 6, 2019 |
| **Dispositive Motions, *Daubert*, an *Markman* Motions** [Court require 4 months or more before trial term begins] | June 3, 2019 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** [14 days before Joint Final Pretrial Statement] | August 12, 2019 |
| **Joint Final Pretrial Statement (Including a Single Set of Jointly Proposed Jury Instructions and Verdict Form [a Word version may be e-mailed to the Chambers' mailbox, unless executed by the Court], Voir Dire Questions, Witness Lists, Exhibit Lists with Objections Approved Form)** [Court recommends 3 weeks before Final Pretrial Conference and no later than 7 days before the Final Pretrial Conference] | August 26, 2019 |
| **All Other Motions Including Motions *In Limine*, Trial Briefs** [Court recommends 3 weeks before Final Pretrial Conference] | August 26, 2019 |
| **Final Pretrial Conference** [Court will set a date that is approximately 3 weeks before trial] | September 16, 2019 |
| **Trial Term Begins** [Local Rule 3.05(c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term must not be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); District Judge trial terms begin on the first business day of the first full week of each month; trials before Magistrate Judges will be set on a date certain after consultation with the parties] | October 7, 2019 |
| **Estimated Length of Trial** [trial days] | Five (5) to seven (7) days |
| **Jury / Non-Jury** | Jury |
| **Mediation** [Absent arbitration, mediation is *mandatory*; Court recommends either 2 – 3 months after CMR meeting or just after discovery deadline | Last date to Complete Mediation: May 20, 2019 |
| **All Parties Consent to Proceed Before Magistrate Judge** | No |

I.   **Meeting of Parties in Person**

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to M.D. Fla. Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held by telephone on October 2, 2018 at 2:00 p.m. and was attended by Ryan S. Burke, Esquire, attorneys for Plaintiff, and Robert L. Rogers, III, Esquire, attorneys for Defendant. Per agreement of the parties, the undersigned counsel requested and obtained an Order from this District Court to hold this meeting by telephone, since Plaintiff's counsel resides in St. Petersburg, Florida and Defendant's counsel resides and works in Orlando, Florida.

II.  **Preliminary Pretrial Conference**

**Track Two cases**: The Court holds a preliminary pretrial conference in most civil cases after the Case Management Report is filed. The purpose of the preliminary pretrial conference is to set dates that will govern the case, for the Court to inform counsel of its practices and procedures, and to discuss any unique issues anticipated. Unresolved issues to be addressed at such conference include: Whether the District Court will grant the relief requested in Defendant's Motion to Compel Appraisal and to Abate All Proceedings Pending Completion of Appraisal and to Dismiss Complaint and Memorandum of Law (Sept. 12, 2018) (Doc. 3) ("Motion to Compel Appraisal"), which is not yet fully briefed.

III. **Pre-Discovery Initial Disclosures of Core Information**

Plaintiff and Defendant agree to exchange information described in Fed. R. Civ. P. 26(a)(1)(C)-(D) no later than November 5, 2018, unless the case is abated sooner.

IV.  **Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery or electronically

stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section III above, and agree that no party anticipates the disclosure or discovery of ESI in this case.

## V. Agreed Discovery Plan for Plaintiffs and Defendants

### A. Certificate of Interested Persons and Corporate Disclosure Statement

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current.

### B. Discovery Not Filed

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests electronically. The parties further agree as follows: The parties agree to meet after the applicable discovery completion deadline to discuss stipulations regarding facts, the authenticity of documents, and the need for advance rulings from the Court on the admissibility of evidence.

### C. Limits on Discovery

Absent leave of court, the parties may take no more than ten depositions per side (not per party). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows: N/A.

### D. Discovery Deadlines

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed

after the discovery deadline.  In addition, the parties agree as follows: N/A.

      **E.**      **Disclosure of Expert Testimony**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agreed to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.  The parties agree on the following additional matters pertaining to the disclosure of expert testimony: N/A.

      **F.**      **Confidentiality Agreements**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.  The motion, whether granted or denied, will remain a public record.

The parties may reach their own agreement regarding the designation of materials as "confidential."  There is no need for the Court to endorse the confidentiality agreement.  The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of

particularized need." With respect to confidentiality agreements, the parties agree as follows: N/A.

      **G.**    **Electronically Stored Information and Claims of Privilege**

Pursuant to Fed. R. Civ. P. 16, the parties have made the following agreements regarding the disclosure and discovery or electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production: The parties do not anticipate requesting discovery or production of trial preparation materials. The parties agree that if a party notifies the other that a privileged document has been disclosed by mistake, the party receiving the request will destroy all copies of the inadvertently disclosed document without first reviewing the document (unless the document was reviewed before being destroyed) and without disclosing the contents of the document to their client(s).

      **H.**    **Other Matters Regarding Discovery**

As referenced in its pending Motion to Compel Appraisal, Defendant maintains that because it has invoked appraisal, the action should be abated immediately, and that no discovery should be permitted until after appraisal has been completed.

**VI.**    **Settlement and Alternative Dispute Resolution**

      **A.**    **Settlement**

The parties agree that settlement is unlikely at this time, and do not request a settlement conference before the United States Magistrate Judge at this time. As referenced in its pending Motion to Compel Appraisal, Defendant maintains that because it has invoked appraisal, the action should be abated immediately and the action should be resolved through appraisal pursuant to appraisal provisions contained in Plaintiff's insurance policy.

### B. Arbitration

Local Rule 8.02(a) defines those civil cases that will be referred to arbitration automatically. Does this case fall within the scope of Local Rule 8.02(a)? **No**.

For cases **not** falling within the scope of Local Rule 8.02(a), the parties do NOT consent to arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b). (**No.**)

In any civil case subject to arbitration, the Court may substitute mediation for arbitration upon a determination that the case is susceptible to resolution through mediation. The parties agree that this case is susceptible to resolution through mediation, and therefore jointly request mediation in place of arbitration. (**Yes.**) However, as referenced in its pending Motion to Compel Appraisal, Defendant maintains that because it has invoked appraisal, the action should be abated immediately and the action should be resolved through appraisal pursuant to appraisal provisions contained in Plaintiff's insurance policy. Defendant therefore requests that the Court not consider or compel mediation until after resolving Defendant's pending Motion to Compel Appraisal.

### C. Mediation

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed to select a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. However, as referenced in its pending Motion to Compel Appraisal, Defendant maintains that because it has invoked appraisal, the action should be abated immediately and the action should be resolved through appraisal pursuant to appraisal provisions contained in Plaintiff's insurance policy. The parties will therefore not agree upon the selection of a mediator

or schedule mediation until after the Court resolves Defendant's pending Motion to Compel Appraisal, since such actions will be unnecessary if the Court grants the motion and abates the action pending completion of appraisal.

### D.     Other Alternative Dispute Resolution

The parties intend to pursue the following other methods of alternative dispute resolution: As referenced in its pending Motion to Compel Appraisal, Defendant maintains that because it has invoked appraisal, the action should be abated immediately and the action should be resolved through appraisal pursuant to appraisal provisions contained in Plaintiff's insurance policy.  The parties will therefore need to the Court to resolve Defendant's Motion to Compel Appraisal after it is fully briefed.

The parties have stipulated to the form of this Joint Case Management Report.

Respectfully submitted this 16th day of October, 2018:

*/s/ Ryan S. Burke*
Ryan S. Burke, Esquire
Florida Bar No. 016420
Dicus & Burke, PLLC
575 Second Ave. S, Suite 201
St. Petersburg, Florida 33701
Telephone:  (727) 258-0043
Email: pleadings@dicusburkelaw.com
Attorney for Plaintiff, Downtown Village Square II, LLC

*/s/ Robert L. Rogers, III*
Andrew P. Rock, Esquire
Florida Bar No.  0656437
Robert L. Rogers, III, Esquire
Florida Bar No. 0694207
The Rock Law Group, P.A.
1760 Fennell Street
Maitland, FL  32751
Telephone:  407-647-9881
Email: pleadings@rocklawpa.com; and
crodriguez@rocklawpa.com
Attorney for Defendant, Scottsdale Insurance Company